# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA HARTMANN and CAREN HILL,<br><br>            Plaintiffs,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>            Defendants. | CASE NO. 1:10-cv-00045-LJO-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT CALIFORNIA STATE PERSONNEL BOARD AND INDIVIDUAL OFFICIAL CAPACITY DEFENDANT MEMBERS OF THE CALIFORNIA STATE PERSONNEL BOARD<br><br>(Doc. 23) |

Defendants California State Personnel Board ("CSPB"), and its board members, Sean Harrigan, Richard Costigan, Patricia Clarey, Maeley Tom, and Anne Sheehan, (collectively, the "CSPB Defendants") move for dismissal of Plaintiffs' First Amended Complaint ("complaint") for failure to state a claim against the CSPB Defendants. F.R.Civ.P. §12(b)(6). Plaintiffs contend that the CSPB is responsible for discriminatory hiring of CDCR chaplains that illegally and unconstitutionally favors certain religious denominations.

In accordance with the District Court's order referring this motion to Magistrate Judge Sandra M. Snyder for entry of findings and recommendations (Doc. 57), this Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all the written materials submitted, the Court recommends that the CSPB Defendants' motion be granted and that judgment of dismissal be entered in their favor.

1

I. **Background**

Plaintiffs, both prisoners incarcerated in Central California Women's Facility ("CCWF") at Chowchilla, California, are adherents of the Wiccan religion. They allege that, because CCWF lacks a paid Wiccan chaplain, they have been denied their constitutionally protected religious rights and freedoms, and are subject to ongoing religious discrimination and substantial burdens on their religion. Plaintiffs contend that Defendant California Department of Corrections and Rehabilitation ("CDCR") maintains a prison chaplain hiring policy unconstitutionally favoring five faiths, Protestant Christian, Roman Catholic, Jewish, Muslim, and Native American, which Plaintiffs refer to as the "Preferred Faiths." They seek a declaration that the Preferred Faiths policy is unconstitutional on its face and as applied, and that it violates the Religious Land Use and Institutionalized Persons Act of 2000 (42 U.S.C. § 2000cc et seq.) ("RLUIPA").

II. **Sufficiency of Complaint**

Federal Rule of Civil Procedure 12(b)(6) provides for a claim's dismissal "if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).

At its most basic level, evaluating whether a complaint states a claim against particular defendants requires its analysis in light of applicable pleading standards. "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. The Court should not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended on denial of rehearing*, 275 F.3d (9th Cir. 2001). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim. *Id.*

Although the complaint does not allege that CSPB Defendants have any role in CDCR policy making or CDCR's determination of its staffing needs, the complaint includes the board members in the following 42 U.S.C. § 1983 claims: (1) violation of the Establishment Clause of the First Amendment, as applied to the states by the Fourteenth Amendment, (2) violation of the Equal Protection Clause of the Fourteenth Amendment, and (3) violation of the Free Exercise Clause of the First Amendment. All CSPB Defendants are charged with (1) violation of the Religious Land Use and Institutionalized Person Act (42 U.S.C. §§ 2000cc et seq.), and (2) violation of Article I, § 4 of the California Constitution. The complaint sets forth no legal of factual basis for these claims.

3

In fact, the complaint includes few allegations directly addressing any of the CSPB Defendants in any way. In the complaint section identifying the parties to the suit, Plaintiffs first allege:

> The California State Personnel Board ("SPD") administers the civil service classification system for the state. Upon information and belief, the SPD creates and adjusts classes of positions and establishes minimum qualifications for determining the fitness and qualifications of employees for each class or position. The SPB created the civil service classifications for CDCR correctional institution chaplains. The State Personnel Board has given testimony under oath that it has no authority to establish chaplaincy positions.

First Amended Complaint, para. 15 (Doc. 19).

In its Statement of Facts, the complaint alleges that CSPB "has given testimony under oath that it has no authority to establish new civil service classifications for chaplaincy positions." First Amended Complaint, para. 39 (Doc. 19). The complaint identifies individual Defendants as members of the CSPB, acting in their official capacities. First Amended Complaint, para. 20-24 (Doc. 19). Finally, Plaintiffs allege that CSPB receives federal financial assistance. First Amended Complaint, para. 92 (Doc. 19). Since none of these allegations do anything more than identify the CSPB Defendants, they do not state any cause of action against any of the CSPB Defendants.

Plaintiffs' equivocation regarding the CSPB's responsibilities is troubling since CSPB's responsibilities are a matter of law. The CSPB has no powers other than those conferred on it by statute. *Ferdig v. State Personnel Board*, 71 Cal.2d 96, 103-04 (1969); *Wheeler v. City of Santa Ana*, 81 Cal.App.2d 811, 816 (App. Div. 1947).

The CSPB is established by the California Constitution. Cal. Const., Art. 7, § 2. A quasi-judicial agency, the Board's purpose is to enforce and administer California's civil service statutes. Cal. Const., Art. 7, § 3; *Lorimore v. State Personnel Board*, 232 Cal.App.2d 183, 185 (1965). Under the civil service system, all of California's state officers and employees, except for certain positions exempted by Art. 7, §4 are to be permanently appointed or promoted "under a general system based on merit ascertained by competitive examination." Cal. Const., Art. 7, § 1. The purpose of the civil service system is to preserve the economy and efficiency of state service by ensuring that appointments to state office are based on merit, not patronage.

*California State Personnel Board v. California State Employees Ass'n*, 36 Cal.4th 758, 765 (2005). Officers and employees of CDCR are included within the civil service system. California Gov't Code § 18591. With regard to establishment of a position of Wiccan Chaplain, CSPB's role would be to receive the detailed job description prepared by CDCR after it had determined to create the position, and to prepare its classification, including a definition of the class, typical tasks and minimum qualifications. *See* Department of Personnel Administration, *Executive Overview of the California State Personnel Management System* (June 2004). Then, unless it has delegated this responsibility to CDCR, CSPB must administer testing and provide CDCR with a list of candidates, ranked by merit. *Id.*

The complaint includes no allegations of any *ultra vires* actions by the CSPB Defendants. The only additional allegations that even mention the CSPB Defendants are finger-pointing by two CDCR officials: both Defendant Barry Smith, the primary CDCR official "responsible for [Division of Community Partnerships] policies, practices, and decisions regarding inmate religious accommodations," and Defendant Nola Grannis, CDCR Chief of Administrative Appeals, claimed that CDCR could not hire a Wiccan chaplain because CSPB is responsible for establishing new prison chaplain positions. First Amended Complaint, paras. 55 and 58 (Doc. 19). In each case, the complaint alleges that both Smith and Grannis knew or should have known that either CSPB does not have such authority or that the CSPB claims that it does not have such authority. First Amended Complaint, paras. 55 and 58 (Doc. 19). Accordingly, these allegations provide no basis for Plaintiffs' claims against the CSPB Defendants.

### III. Conclusion and Recommendation

Plaintiffs' complaint fails to state a cause of action against Defendants California State Personnel Board ("CSPB"), and its board members, Sean Harrigan, Richard Costigan, Patricia Clarey, Maeley Tom, and Anne Sheehan. Accordingly, the undersigned **RECOMMENDS** that this case be dismissed as to the CSPB Defendants.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. §

636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiffs are advised that failure to file objections within the specified time may waive their right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     March 15, 2010**               /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE