1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  SHAWNA HARTMANN AND CAREN          CASE NO. 1:10-cv-00045-LJO-SMS
   HILL,
10                                    ORDER ADOPTING FINDINGS AND
                  Plaintiffs,         RECOMMENDATIONS RECOMMENDING
11                                    DISMISSAL OF CERTAIN DEFENDANTS
        v.                            AND CLAIMS ONE, TWO, THREE AND
12                                    FOUR, WITH LEAVE TO AMEND COUNT
   CALIFORNIA DEPARTMENT OF           ONE WITHIN THIRTY DAYS
13 CORRECTIONS AND REHABILITATION,
   et al.,
14
                  Defendants.         (Docs. 29 & 72)
15 _____/

16

17        Plaintiffs Shawna Hartmann and Caren Hill, inmates incarcerated at Central California

18 Women's Facility ("CCWF"), by their attorney Barbara McGraw, filed their First Amended

19 Complaint ("complaint") alleging claims under 42 U.S.C. §1983, the Religious Land Use and

20 Institutionalized Persons Act of 2000 (42 U.S.C. § 2000cc *et seq*.) ("RLUIPA"), and California

21 law.  Defendants California Department of Corrections and Rehabilitation ("CDCR"), Arnold

22 Schwarzenegger, State of California, CCWF, Matthew Cate, Suzanne Hubbard, Barry Smith,

23 Nola Grannis, Mary Lattimore, Division of Adult Institutions ("DAI"), Division of Community

24 Partnerships ("DCP"), and Del Sayles-Owen moved for dismissal of Plaintiffs' complaint for

25 failure to state a claim.  F.R.Civ.P. §12(b)(6).

26        In accordance with the District Court's order (Doc. 57), Magistrate Judge Sandra M.

27 Snyder considered all the written materials submitted and recommended that the Defendants'

28 motion be granted in part and denied in part.  Specifically, the magistrate recommended

1

1  dismissal of Defendants Schwarzenegger, Cate, Hubbard, Sayles-Owen, Grannis, DAI, DCP,

2  CCWF, Smith, and the State of California, as well as Counts Two, Three, and Four, and those

3  claims against Defendant Lattimore relating to her role as hearing officer.  Although Claim One,

4  alleging violation of the Establishment Clause, failed to state a claim as alleged in the Complaint,

5  because substitution of an appropriate defendant would render the claim cognizable, the

6  magistrate recommended that Claim One be dismissed with leave to amend within thirty days.

7  Finally, the magistrate found Claim Five, alleging violation of Article I, Section 4 of the

8  California Constitution stated a cognizable claim but recommended that the Court exercise

9  pendant jurisdiction only if Plaintiffs successfully amend Claim One to state a cognizable claim.

10      The Findings and Recommendations contained notice that any objections to the Findings

11  and Recommendations were to be filed within thirty days.  Plaintiff filed timely amended

12  objections on June 10, 2010, and supplemented those objections on June 11, 2020 (Docs. 75 &

13  76).

14      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the undersigned has

15  reviewed this case *de novo* and has considered both Plaintiffs' objections and the Findings and

16  Recommendations.  The Court will not discuss Plaintiffs' extensive objections in detail.  It notes,

17  however, that Plaintiffs have misconstrued the recommendation that they be permitted to amend

18  Claim One to substitute an appropriate defendant to require them to name as Defendant the

19  California Department of Corrections and Rehabilitation, a substitution which Plaintiffs correctly

20  point out is impermissible under the Eleventh Amendment.  A careful reading of the Findings

21  and Recommendations indicates that "Claim One fails to identify any Defendant linked to the

22  alleged wrong," and that "substitution of one or more appropriate Defendants would render the

23  claim cognizable."  The identity of the appropriate defendant(s) for an amended Claim One is left

24  to Plaintiffs (Doc. 72 at page 16, lines 6-17.)  Provisions of the Eleventh Amendment do not

25  apply to Claim Five, alleging violation of the California Constitution, for which the magistrate

26  recognized CDCR as an appropriately named Defendant (Doc. 72 at page 16, lines 18-27).

27  ///

28  ///

1    Having carefully reviewed the entire file, the Court finds the Findings and

2   Recommendations to be supported by the record and proper legal analysis.  Accordingly, IT IS

3   HEREBY ORDERED that the Findings and Recommendations, filed April 28, 2010, are adopted

4   in full.

5

6   IT IS SO ORDERED.

7   **Dated:    June 11, 2010**                              /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE

8