# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA HARTMANN AND CAREN HILL,<br><br>  Plaintiffs,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:10-cv-00045-LJO-SMS<br><br>SUPPLEMENTAL ORDER RE: PLAINTIFFS' REQUEST FOR CLARIFICATION OF FINDINGS AND RECOMMENDATIONS ADOPTED JUNE 11, 2010<br><br>(Docs. 77 & 78) |

Plaintiffs Shawna Hartmann and Caren Hill, inmates incarcerated at Central California Women's Facility ("CCWF"), by their attorney Barbara McGraw, have requested clarification of the Findings and Recommendations adopted by this Court on June 11, 2010. Specifically, Plaintiffs ask (1) whether their amended complaint "may name appropriate official capacity defendant(s), even if the Adopted F&Rs have dismissed such defendant(s)," and (2) whether Defendant Smith "remains a defendant in his individual-personal capacity."

In evaluating Defendants' motion to dismiss, the Court found that, as set forth in Plaintiff's Amended Prisoner Civil Rights Complaint (Doc. 19)("complaint"), Claim One failed to state a cognizable federal claim for violation of the Establishment Clause and required dismissal. Because "substitution of one or more appropriate Defendants would render the claim cognizable," however, the Court granted Plaintiffs leave to amend Count One. Despite the Court's extensive discussion regarding pleading standards and their relationship with claims

against specific types of defendants, Plaintiffs are apparently struggling to identify "appropriate defendants."

Identifying defendants on Plaintiffs' behalf is not this Court's role. Nor could the Court do so in light of the minimal factual information in the complaint. The abstract nature of Plaintiffs' inquiry further complicates any response the Court might offer. The Court dismissed Defendants for multiple reasons, including, among other things, Plaintiffs' failure to include any substantive allegations whatsoever against certain Defendants; to identify Defendants who had the power or responsibility to promulgate the allegedly unconstitutional policy; to name as Defendants individuals who have the power or capacity to enforce or implement the declaratory and injunctive relief that Plaintiffs seek; to affirmatively link each Defendant to the alleged wrong(s) against Plaintiffs; and to allege sufficient facts to support the allegation(s) against each Defendant.

In its Findings and Recommendations, the Court agreed with Defendants that "the complaint is unduly complex and confusing, and that its objective(s) are unclear." No shortcut exists for Plaintiffs. Amending Count One requires that they identify the factual background for their claim and allege those facts in a simple and coherent manner satisfying the pleading standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009). The process of setting forth the factual basis of their claim should enable Plaintiffs to identify the actor(s) responsible, to link each such actor to facts establishing his or her role in the alleged wrongdoing, and to set forth each actor's ability to implement the requested injunctive and declaratory relief.

The specific question regarding personal-capacity claims against Defendant Barry Smith is an example of the type of analysis in which Plaintiffs must engage. Because the Court has dismissed Count One, no claims remain against any Defendant, including Smith. Plaintiffs themselves must determine the propriety of asserting a personal-capacity claim against Smith in the amended complaint.

A personal-capacity suit alleges that an official acting under color of state law deprived the plaintiff of a federal right and seeks to recover damages from the official's personal assets;

1 the defendant in a personal-capacity claim retains "personal immunity defenses, such as
2 reasonable reliance on existing law." To the extent that Count One seeks only injunctive or
3 declaratory relief, Plaintiffs' purpose in naming a personal-capacity defendant, such as Smith, is
4 unclear.   If Plaintiffs intend to assert personal-capacity claims against Smith or any other
5 individual, their amended complaint must fully allege the facts entitling them to prevail on those
6 claims as well as requesting relief appropriate to a personal-capacity claim.

IT IS SO ORDERED.

**Dated:   June 14, 2010**               /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE