# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA HARTMANN and CAREN HILL, | CASE NO. 1:10-cv-00045-LJO-SMS |
| Plaintiffs, | ORDER STRIKING SECOND AMENDED COMPLAINT FOR FAILURE |
| v. | TO FOLLOW A COURT ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | (Doc. 84) |

In Findings and Recommendations filed April 28, 2010, the Magistrate Judge, recommended dismissal of the First Amended Complaint against Defendants Schwarzenegger, Cate, Hubbard, Sayles-Owen, Grannis, DAI, DCP, CCWF, Smith, and the State of California.[1] The Magistrate Judge also recommended dismissal of claims one, two, three, and four, but recommended that, because substitution of an appropriate defendant would make claim one cognizable, Plaintiff should be granted leave to amend claim one (to substitute an appropriate defendant) within 30 days. Although claim five stated a cognizable claim for violation of Article I, Section 4 of the California Constitution, the Magistrate Judge recommended that the District Court decline to exercise pendant jurisdiction over claim five unless Plaintiffs successfully amended claim one.

///

---

[1] In earlier Findings and Recommendations, later adopted by the District Court, the Magistrate recommended dismissal of Defendants California State Personnel Board and its individual board members.

1

The Magistrate Judge observed that the First Amended Complaint was "unduly complex and confusing, and that its objectives [were] unclear" (Doc. 72 at 9). The Magistrate Judge added that "little rhyme or reason [wa]s apparent in Plaintiffs' choice of . . . Defendants," and that Plaintiffs' choices appeared to relate more to personal animosity than to the actions or authority of particular named Defendants (Doc. 72 at 8).

The District Court adopted the Findings and Recommendations on June 11, 2010.

The Court's directions to Plaintiffs were simple: add an appropriate defendant to claim one to make claim one cognizable. If Plaintiffs add a cognizable defendant to claim one, the Court will then exercise pendant jurisdiction over claim five. If plaintiffs decline to amend their complaint or fail to name a cognizable defendant to claim one, the Court will decline to exercise pendant jurisdiction over the state claim set forth in claim five.

Plaintiffs contemptuously responded to the Court's order by completely revising their allegations to produce a Second Amended Complaint that, despite the Court's dismissal from the First Amended Complaint of three claims in their entirety and more than seventeen defendants, is now longer than the First Amended Complaint. Plaintiffs provide little additional factual support for their allegations, but greatly expand rhetoric addressing the nature and role of Wicca and expounding on their subjective belief that Wiccan inmates receive fewer opportunities for religious expression than inmates of other religions.

Despite the Court's order that Plaintiffs name a single cognizable defendant to count one, Plaintiffs name four, two of whom, Mary Lattimore and Barry Smith, were previously dismissed as being neither in a position to have promulgated the rule, in a position to respond to an injunction to amend the rule, nor in a position to be otherwise tied to Plaintiffs' Establishment Clause allegations. Despite the Court's designation of CDCR as the appropriate defendant to answer Plaintiffs' allegation in claim five, Plaintiffs omit CDCR as a defendant in the Second Amended Complaint, now naming Lattimore, Smith, Cates, and Schwarzenegger as Defendants in claim 5.

///

///

**Conclusion and Order**

In preparing their Second Amended Complaint, Plaintiffs contemptuously ignored the Court's order permitting them to do no more than name an appropriate defendant to render claim one cognizable. Accordingly, the Court hereby strikes Plaintiffs' Second Amended Complaint in its entirety.

Out of an abundance of caution, the Court grants Plaintiffs leave to amend a Third Amended Complaint in compliance with the provisions of the Findings and Recommendations adopted by this Court on June 11, 2010 (Docs. 72 and 77). Should Plaintiffs elect to so amend their complaint, the Third Amended Complaint shall be filed with the Clerk of Court **no later than March 4, 2011. No extensions to this date shall be granted.** In the event that Plaintiff shall fail to file a Third Amended Complaint on or before March 4, 2011, this case shall be dismissed with prejudice.

As discussed *supra*, the provisions of the Findings and Recommendations adopted by this Court permitted only the amendment of count one to designate a single defendant capable of responding to an injunction. Naming of an appropriate defendant in count one shall be deemed to include such supplemental pleadings as may be necessary to identify the defendant and tie the defendant to Plaintiff's Establishment Clause claims, as set forth in claim one.

"Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). In preparing the Third Amended Complaint, Plaintiffs are directed to excise any rhetoric or embellishment not pleaded as fact supporting the claims that remain in the Third Amended Complaint (i.e., claims one and five of the First Amended Complaint). The Third Amended Complaint should comply with F.R.Civ.P. 8(b)'s requirement to state "a short and plain statement of the claim," and F.R.Civ.P. 8(d)(1)'s requirement that "[e]ach allegation be simple, concise, and direct." *See also McHenry*, 84 F.3d at 1180 ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness, and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). Any attempt to amend count five, to replead or purse any claims previously dismissed with prejudice, or to

further bloat the Third Amended Complaint with rhetoric lacking evidentiary value will result in dismissal of the case with prejudice.

In sum, if Plaintiffs file a complaint which fails to comply with this order, prior orders and federal pleading requirements, this Court will dismiss this action with prejudice.

IT IS SO ORDERED.

**Dated:   February 18, 2011**                              /s/ Lawrence J. O'Neill
                                                                                UNITED STATES DISTRICT JUDGE