David C. Kiernan (SBN #215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorney for Plaintiff
CAREN HILL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **SHAWNA HARTMANN, et al.,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,**<br><br>    **Defendants.** | **Case No. 1:10-cv-00045-LJO-SMS**<br><br>**JOINT TELEPHONIC SCHEDULING CONFERENCE REPORT**<br><br>TELEPHONIC CONFERENCE<br><br>DATE:    4/30/2013<br>TIME:    1:30 p.m.<br>COURTROOM: 1 (8th Floor)<br>Judge:    Sandra M. Snyder |

/ / /

/ / /

The parties to the above-entitled action jointly submit this Joint Telephonic Scheduling Conference Report.

1. Summary of the factual and legal contentions, relief sought, and procedural history.

    a. Current Parties

Plaintiff is Caren Hill. Plaintiff Shawna Hartmann is no longer an inmate in CDCR custody and is no longer a plaintiff in this action as her claims are now moot.

Defendants are California Department of Corrections and Rehabilitation ("CDCR"), Central California Women's Facility ("CCWF"), Jeffrey Beard in his official capacity as Secretary of CDCR, and Deborah Johnson in her official capacity as Warden of CCWF. Beard replaces Matthew Cate, and Johnson replaces Marry Lattimore under Federal Rule of Civil Procedure 25(d). All other defendants have been dismissed from the action.

    b. Summary of factual and legal contentions and relief sought

Plaintiff Hill is an inmate in the custody of the CDCR, incarcerated at CCWF. She is a practicing Wiccan, and has requested CCWF and CDCR to hire a Wiccan chaplain to assist her and other Wiccan inmates in exercising their faith. Hill alleges that Defendants have a policy of employing on a full-time or part-time basis chaplains that belong to only one of five faiths (Catholic, Jewish, Muslim, Native American, and Protestant) and prohibit employing chaplains of any other faith group, including Wicca.

Hill brings this action under 42 U.S.C. § 1983 alleging that defendants violated and continue to violate the First Amendment's Establishment Clause under the United States Constitution and the California Constitution by employing chaplains of only five faiths, refusing to employ or even consider employing a chaplain of another faith group on a full-time or part-time basis, and failing to apply neutral criteria in determining whether chaplains of non-five faiths should be hired for inmates who do not adhere to the five faiths. Hill seeks to require Defendants to employ a qualified Wiccan chaplain on a full-time or part-time basis and to employ neutral criteria in determining future chaplain hiring decisions and allocation of resources, and to enjoin Defendants from refusing to consider employing chaplains who do not belong to one of the five

faiths and from not applying neutral criteria in making chaplain hiring decisions and allocation of resources. She also seeks declaratory relief providing that Defendants policies and practices are facially and as-applied unconstitutional.

Defendants deny that their policies and practices violate the federal or state constitutions and maintain that no relief should be granted.

c. Procedural history

Plaintiffs filed three amended complaints under 42 U.S.C. § 1983 and the California Constitution. The First Amended Complaint named eighteen defendants,[1] many of whom are state officials sued in their official and individual capacities, and included claims that defendants violated Plaintiffs' rights under the Free Exercise, Establishment, and Equal Protection Clauses; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); and the California State Constitution. The district court dismissed with prejudice without leave to amend plaintiffs' claims under the Free Exercise Clause, Equal Protection Clause, and RLUIPA. The Court held that Plaintiffs stated valid claims under the Establishment Clause and California Constitution, but dismissed with leave to amend to name an appropriate Defendant to respond to injunctive relief. The district court struck Plaintiffs' Second Amended Complaint for failing to comply with a court order and again granted leave to amend. Plaintiffs filed a Third Amended Complaint naming Secretary Cate and CDCR, which the district court dismissed under Rule 12(b)(6) with prejudice. Plaintiffs appealed each of the district court's orders dismissing the First Amended, Second Amended, and Third Amended Complaints.

---

[1] The defendants included the following: (1) the California State Personnel Board ("SPB"); the SPB's five board members in their official capacities—(2) Sean Harrigan; (3) Richard Costigan; (4) Patricia Clarey; (5) Tom Maeley; and (6) Anne Sheehan ("SPB Members") (collectively, the "SPB Defendants"); (7) the State of California; (8) CDCR; (9) CDCR Secretary Cate in his official and individual capacities; (10) Chief of CDCR Inmate Appeals Branch Nola Grannis in her official and individual capacities; (11) Division of Community Partnerships ("DCP"); (12) DCP Director Del Sayles-Owen in his official and individual capacities; (13) DCP Community Resource Manager Barry Smith in his official capacity; (14) the Division of Adult Institutions ("DAI"); (15) DAI Director Suzan Hubbard in her official capacity; (16) CCWF; (17) CCWF Warden Mary Lattimore in her official capacity; and (18) Governor Arnold Schwarzenegger in his official capacity.

The Ninth Circuit affirmed in part and reversed in part. It affirmed the dismissal of the claims under the Free Exercise Clause, Equal Protection Clause, and RLUIPA. It reversed the dismissal of Plaintiffs' claims under the Establishment Clause and California State Constitution against CDCR and Secretary Cate in his official capacity and the dismissal of CCWF and CCWF Warden Lattimore in her official capacity.

2. Amendment of pleadings.

The parties do not expect the parties, claims or defenses to be amended at this time, but reserve the right to seek amendment based on discovery in the case.

3. Summary of uncontested and contested facts.

Plaintiff Hill is an inmate in the custody of the CDCR, incarcerated at CCWF. She is a practicing Wiccan, and has requested CCWF and CDCR to hire a Wiccan chaplain. Defendants employ on a full-time or part-time basis chaplains that belong to one of five faiths (Catholic, Jewish, Muslim, Native American, and Protestant). Discovery has not yet commenced, but the principal factual issues that may be contested include without limitation the following:

- Whether Defendants apply neutral criteria within the meaning of the Establishment Clause and California Constitution to determine chaplain hiring needs and whether Defendants allocate chaplain positions and resources neutrally;
- Whether Defendants have considered employing chaplains of other faiths on a full-time or part-time basis; and
- The number of inmates practicing the five religions and the number of inmates practicing other faiths at CCWF and other institutions within CDCR.

4. Summary of legal issues.

Plaintiff Hill brings this action under 42 U.S.C. § 1983 alleging that Defendants violated and continue to violate the Establishment Clause of the First Amendment of the United States Constitution and Article I, Section 4 of the California Constitution. This Court has jurisdiction over the federal claim and has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367. Venue is proper. All parties have been served.

The principal legal issue is whether Defendants policies and practices violate the Establishment Clause and Article I, Section 4 of the California Constitution.

5. Status of all matters currently before the Court.

There are no pending motions or other matters before the Court.

6. Proposed discovery plan and scheduling order.

   (a) Counsel for the parties met and conferred on April 22, 2013 pursuant to Rule 26(f) and have agreed to the following.

   (b) Initial Disclosures will be due June 21, 2013.

   (c) At this time, the parties do not anticipate any changes to the limitations on discovery in FRCP 30, 31, and 33.

   (d) Discovery will be taken on whether Defendants policies and practices violate the Establishment Clause and California Constitution. Discovery has not yet commenced, but the principal factual issues include without limitation the subjects listed in Section 4 above.

   (e) The parties do not believe that discovery should be conducted in phases

7. Scheduling

| | |
|---|---|
| Initial Disclosures: | June 21, 2013 |
| Close of fact discovery: | November 1, 2013 |
| Expert reports: | November 15, 2013 |
| Rebuttal expert reports: | December 6, 2013 |
| Close of Expert discovery: | January 15, 2014 |
| Pretrial motions: | February 28, 2014 |
| Pretrial Conference: | April 18, 2014 |
| Trial: | May 2014 |

8. Settlement.

The parties are currently discussing a potential settlement conference, mediation or other form of ADR process. The parties will continue their discussions on these issues.

9. Whether jury or non-jury trial.

This is a non-jury case.

10. Trial.

Without the benefit of initial disclosures, it is difficult estimate the length of trial.

Dated: April 23, 2013

JONES DAY

By: /s/ David C. Kiernan
David C. Kiernan (SBN 215335)
dkiernan@JonesDay.com
555 California Street, 26th Floor
San Francisco, California 94104
Tel: (415) 626-3939 / Fax: (415) 875-5700

Attorney for Plaintiff Caren Hill

Dated: April 23, 2013

/s/ Barbara McGraw
Barbara McGraw (SBN )
nmccarthy@cpmlegal.com
1170 Bollinger Canyon Road
Moraga, California 94556
Tel: (925) 631-4061

Attorney for Plaintiff Caren Hill

Dated: April 23, 2013

KAMALA D. HARRIS
Attorney General of California

By: /s/ David Brice
David Brice
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 324-8010
Fax: (916) 324-5205
E-mail: David.Brice@doj.ca.gov

Attorneys for Defendants